## WENDELL BRANHAM *v.* STATE OF INDIANA.

[No. 170S8. Filed March 12, 1971. Rehearing denied May 13, 1971.]

146

*Ralph R. Blume,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This is an appeal from the Allen Circuit Court wherein the defendant was found guilty, after a trial by jury, of the offense of Resisting Arrest and was accordingly sentenced to the Indiana State Farm for a period of one hundred eighty (180) days and fined one hundred dollars ($100.00).

The defendant first argues on this appeal that the assault and battery for which the defendant was arrested was not committed in the presence and view of the police officer who made the arrest without a warrant. Fort Wayne Police Officer Steve C. Burton, however, testified that on March 1, 1969, he observed the defendant and a passenger in a vehicle: "Well, we were northbound on Catalpa; they were approaching us. He was driving rather erratic insomuch as they were weaving. As they approached closer, we could see that there was some scuffling going on in the front seat as they went by us. We turned around, turned our redlight on and stopped them up in the highway garage parking lot." Pertaining to the passenger, he stated: "Well, she was crying. Her face was bleeding. Her nose was distorted inasmuch as it was laying off to the left side of her face."

Police Officer Steven Butz testified: "At the time we saw them, uh, the defendant did not have his car under control and it looked like they were fighting back and forth." He further testified that the passenger "had blood running from her nose and was holding on to her nose and yelling and screaming for us to stop him from beating on her." We find this testimony sufficient for a conclusion that an assault and battery was committed in the presence of the police officers who arrested the defendant for the assault and battery. We would not hold that the police had to view every event leading to the assault and battery since only a single transaction was involved. The offense having been committed in the presence of the officers, we need not discuss defendant's second argument that a warrant should have been obtained prior to arrest.

Defendant next contends that in attempting to arrest the defendant, the police officers failed to act in a clear and timely manner and that this fact alone made the attempted arrest illegal. Defendant states in his reply brief: "If they had observed the assault and battery, no investigation and questioning, as took place in this case, would have been necessary—the arrest could have been made 'on the spot.'" We would not condemn the police officers for wanting to quickly investigate the situation before placing the defendant under arrest. In the case before us, there was only a brief interval between the stopping of defendant's car and his arrest. In 5 Am. Jur. 2d, *Arrest*, § 33, p. 725, we find: "The arrest must be made at the time the offense, or some part of it, is being committed, *or within a reasonable time thereafter*, or upon fresh and immediate pursuit of the offender." (Emphasis added). We find that the officers were reasonably prompt in placing the defendant under arrest and that the defendant was aware of his arrest.

The arrest in the instant case having been legal, the defendant had no right to use force to avoid the arrest, and he was therefore properly charged and convicted of resisting arrest.

The judgment of the trial court is affirmed.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 160.